IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Dwayne Bragg,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **1:10cv693 (GBL/IDD)** |
| ) | |
| **D. Hackworth, et al.,** ) | |
|     **Defendants.** ) | |

<u>MEMORANDUM OPINION</u>

This Matter is before the Court on a Motion for Summary Judgment filed jointly by defendants Sergeant Fitzgerald, Sergeant Brinkley, and Sergeant Higginbotham and on a separate Motion for Summary Judgment filed by defendant Deputy Johnson. Dwayne Bragg, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants subjected him to excessive force during his incarceration at Chesapeake City Jail. By Memorandum Opinion and Order dated February 13, 2012, the Court granted defendants' Motion to Dismiss as to plaintiff's requests for injunctive and declaratory relief. Defendants Fitzgerald, Brinkley, and Higginbotham then filed a Motion for Summary Judgment on March 14, 2012. Defendant Johnson filed Motion for Summary Judgment on April 18, 2012. Plaintiff was given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and has filed a response to both. For the reasons that follow, both the Motions for Summary Judgment will be granted.

1

# I. Background

Of plaintiff's original claims, two remain: claims of excessive force on June 11, 2009[1] and on March 4, 2010. The uncontroverted facts are as follows.

## A. June 11, 2009

While defendant Higginbotham, defendant Brinkley, and several other deputies stood outside plaintiff's cell door, plaintiff injured his thumb when he passed his food tray through the food port to the officers. Higginbotham Aff. ¶¶ 4–5, ECF No. 93-3. Neither plaintiff nor defendant states which officer closed the food port door. A short time later, two nurses treated plaintiff's injury. Id. ¶ 6–7. Later that same day, plaintiff covered the window on the door to his cell with a cloth. Id. ¶ 9. When defendant Higginbotham instructed another deputy to open the food port to make sure that defendant was not harming himself, plaintiff threw "what appeared to be a brownish fluid through the food port onto Deputy Wilkerson." Id.

Immediately afterwards, defendant Brinkley, defendant Higginbotham, and three other officers entered plaintiff's cell to transport him to medical for additional treatment for his thumb injury. Id. Plaintiff was pacing back and forth in his cell and ignored defendant Wilkerson's commands to lie down on this bunk so that the officers could place him in handcuffs. Id. Plaintiff "became combative, charged the [d]eputies[,] and was held back by protective shields until he fell onto his bunk." Id. Defendant Higginbotham warned plaintiff that if he did not comply, the officers would use a Taser on him. Id. Plaintiff continued to ignore orders and "charged towards" defendant Higginbotham. Id. An officer deployed the taser "in dart mode and [plaintiff] was placed in handcuffs." Id. The taser darts struck plaintiff "above the right ear

---

[1] Plaintiff originally claimed that the incident took place on June 12, 2009. Defendant points out in its Motion for Summary Judgment that it actually took place on June 11, 2009. Mot. Summ. J at 2, ECF No. 93.

2

and on his right thigh." Id. The officers transported plaintiff to the medical clinic for treatment. Id.

B. March 4, 2010

Plaintiff and an officer got into a verbal argument over the need for plaintiff to wake up so that his cell could be inspected. Fitzgerald Aff. ¶ 4, ECF No. 93-5. An officer told plaintiff that, because of the argument, he would be placed in the segregation unit, and plaintiff told the officer that he would not go voluntarily. Id. Several officers went to plaintiff's cell to remove him and transport him to the segregation unit. Id. ¶ 4–5. Defendant Johnson directed plaintiff to place his hands through the bars so that they could be handcuffed, and plaintiff refused. Johnson Aff. ¶ 5, ECF No. 98-4. Defendant Fitzgerald displayed a taser to plaintiff, and plaintiff held up a sheet "to prevent being shot by the taser darts." Fitzgerald Aff. ¶ 6, ECF No. 93-5. The officers entered plaintiff's cell, and plaintiff continued to be "combative" and to "struggle." Id. Defendant Fitzgerald "deployed the Taser in drive stun mode 3 times for 3-5 seconds while continuing to give verbal commands to [plaintiff] to comply." Id. Plaintiff "did not comply until after the third application." Id. During the incident, plaintiff sustained "a small cut on his forehead." Id.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving

party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Plaintiff's remaining claims concern allegations of excessive force. To state an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320–21 (1986). The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly

4

could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only de minimis injury is subject to automatic dismissal). The Eighth Amendment generally excludes from constitutional recognition de minimis uses of physical force, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernible injury "almost certainly" fails to state a valid excessive force claim. Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Nonetheless, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S. Ct. at 1178–79.

Plaintiff has failed to show that defendants used excessive force on June 11, 2009 or on March 4, 2010. Therefore, defendants' Motions for Summary Judgment will be granted.

A. June 11, 2009

Plaintiff alleges that, when defendants Brinkley and Higginbotham entered his cell to escort him to the medical unit, he was standing against the wall with his back to them. However, sworn affidavits by defendants Higginbotham and Brinkley, and an incident report from June 11, 2009 signed by Officer Wilkerson, indicate that, when the officers entered plaintiff's cell, he became combative. Higginbotham Aff. ¶ 9, ECF No. 93-3; Brinkley Aff. ¶ 9, ECF No. 93-4; 6/11/09 Incident Rep., ECF No. 98-1. Defendant Higginbotham, also in his sworn affidavit, states that his "use of the [T]aser on [plaintiff] was solely for the purpose of restoring order and discipline and avoiding further injury to [plaintiff] or CCC personnel. The Taser was not used

5

for the purpose of punishment or wantonly or sadistically inflicting pain." Higginbotham Aff. ¶ 10, ECF No. 93-3.

As to the allegations against defendant Brinkley, he states in his sworn affidavit that "[a]t no time during the cell extraction did I personally have any physical contact with [plaintiff], use the [T]aser on [him], or directly order any other person to use force or a [T]aser on [him]." Brinkley Aff. ¶ 10, ECF No. 93-4. Because defendant Higginbotham has shown that he used force solely for the purpose of restoring discipline, and because defendant Brinkley did not come into contact with the plaintiff, neither defendant used excessive force, and their motion for summary judgment will be granted.

B. March 4, 2010

Plaintiff alleges that, when officers announced that there would be a cell inspection, he was heavily medicated and did not hear the announcement. Am. Compl. 13, ECF No. 29. Plaintiff concedes that he got into a verbal argument with an officer but does not allege that he refused to go to the segregation unit. Without submitting supporting documentation, plaintiff claims that he lost consciousness after an officer used the Taser on him and that when he regained consciousness, he had "deep gashes over [his] forehead, blood all over [his] face," his "tooth busted out," a "black and blue tongue," and "black and blue taze marks all over [his] back, sides, [and] shoulders." Id.

Contrary to plaintiff's allegations, sworn affidavits of defendants Johnson and Fitzgerald state that plaintiff refused to go willingly to the segregation unit, that he was combative when they entered his cell, and that he refused to comply with orders until after the Taser was used. Fitzgerald Aff. ¶ 6, ECF No. 93-5; Johnson Aff. ¶ 7, ECF No. 98-4. Defendant Fitzgerald states that he used the Taser "solely for the purpose of restoring order and discipline and avoiding

further injury to [plaintiff] or CCC personnel. Fitzgerald Aff. ¶ 10, ECF No. 93-5. Defendant Johnson states that he did not have "any physical contact" with plaintiff during the incident and was merely present during his transfer. Johnson Aff. ¶ 10, ECF No. 98-4.

As to the extent of plaintiff's injuries, defendant Fitzgerald states that plaintiff "did not have any injury to his tongue or teeth ... and at no time did he lose consciousness." Fitzgerald Aff. ¶ 8, ECF No. 93-5. Defendant Johnson states the same in his sworn affidavit. Johnson Aff. ¶ 11, ECF No. 98-4. An incident report summarizing the events states that plaintiff "sustained a cut over his right eye and was taken to medical for evaluation with the use of a restraint chair." 3/4/10 Incident Rep., ECF No. 98-1. Because defendant Fitzgerald has shown that he used force solely for the purpose of restoring discipline, and because defendant Johnson did not come into contact with the plaintiff, neither defendant used excessive force, and their motion for summary judgment will be granted.

## IV. Conclusion

For the foregoing reasons, defendants Fitzgerald, Brinkley, Higginbotham, and Johnson's Motions for Summary Judgment will be granted. An appropriate Order and Judgment shall issue.

Entered this _31st_ day of _October_ 2012.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

7